**In the Matter of CHALFONT INTERNATIONAL, INC., Debtor.**

**Margaret HAMPTON, Plaintiff,**

**v.**

**CHALFONT INTERNATIONAL, INC., Defendant.**

**Bankruptcy No. 82–162–Orl–AP.**
**Adv. No. 82–0155.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Sept. 1, 1982.

---

Michael B. Swindle, Winter Park, Fla., for plaintiff.

Robert W. Blunt, Orlando, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION AND FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 proceeding and the matter under consideration is a prayer for relief, filed by Margaret Hampton (Ms. Hampton), the Plaintiff who instituted this adversary proceeding against Chalfont International, Inc. (Chalfont). Ms. Hampton seeks relief from the automatic stay pursuant to § 362(d)(1) and (d)(2)(A), (B), first, for cause, including for lack of adequate protection and second on the ground that Chalfont has no equity in the subject property and the same is not necessary for effective reorganization.

The record as developed at the final evidentiary hearing reveals the following:

On December 1, 1978, Chalfont executed a promissory note in the principal amount of $50,000 in favor of Margaret Hampton. To secure this indebtedness, evidenced by the note, Chalfont also granted a mortgage on real property involved in this bankruptcy owned by Chalfont. Chalfont having defaulted on the mortgage obligation, Ms. Hampton exercised her option to accelerate the entire principal balance and accrued interest and filed an action to foreclose the mortgage in the Circuit Court in and for the 9th Judicial Circuit for Orange County, Florida. In due course, Ms. Hampton obtained a final decree of foreclosure, which determined that the total amount due and owing under the note and the mortgage was $44,964.24 and also directed that the property shall be sold at a foreclosure sale. However, before the sale was concluded, Chalfont filed its petition for relief which, of course, by virtue of the automatic stay imposed by § 362 of the Bankruptcy Code, brought the foreclosure proceeding in the state court to a sudden halt.

It is without dispute that Chalfont never did and does not now conduct any business in the orthodox sense and it is evident that this is really not a business reorganization case at all. In addition, the equity in the property of Chalfont is more than questionable. It is without dispute that Ms. Hampton is entitled to receive adequate protection and while Chalfont might salvage the property if it is able to offer adequate protection, none was offered. For the reasons stated, this Court is satisfied that the Plaintiff is entitled to the relief sought.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that final judgment be, and the same hereby is, entered in favor of the Plaintiff, Margaret Hampton, and against the Defendant, Chalfont International, Inc. and the automatic stay imposed by § 362(e) of the Bankruptcy Code is hereby lifted and the Plaintiff is entitled to proceed with her foreclosure proceeding in a court of competent jurisdiction.